UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO.: 5:09CR49-V

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>BRANDON LEE EVANS, )<br>    Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Appeal to District Judge for Revocation of Magistrate Judge's Detention Order; Motion for Release under 18 U.S.C. § 3145(b) and (c)," filed February 5, 2010. (Document #106)

On February 5, 2010, pursuant to a written Plea Agreement, Defendant Evans pled guilty to conspiracy to possess with intent to distribute at least five hundred (500) grams of cocaine. (Plea Agreement, ¶I,1 / Document #100) Defendant's plea was accepted by the magistrate judge and Defendant was remanded into custody.

Prior to the Plea & Rule 11 Hearing, Defendant was on Location Monitoring and home detention subject to a $50,000.00 unsecured bond, co-signed by both parents, and surrender of passport or prohibition on obtaining a passport. In an earlier decision, the undersigned opined that Defendant was unlikely to flee and did not present a danger to the community. (Document #11) However, Defendant's eligibility for bond is now governed by 18 U.S.C. §3143(a)(2) as the Defendant is awaiting sentencing and subject to a maximum term of imprisonment of ten (10) years or more for violating the Controlled Substances Act.[1]

---

[1] Section 3143(a)(2) of the Bail Reform Act provides that:

The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and

1

Title 18, United States Code, Section 3145 governs the procedure for "review" and "appeal" of a judicial decision to release or detain a criminal defendant in the post-trial or post-plea context. Title 18, United States Code, Section 3145(c) reads in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate.

18 U.S.C. §3145 (*emphasis added*); United States v. Goforth, 546 F.3d 712, 714 (4th Cir.2008). The term "exceptional" has been defined as "being out of the ordinary: uncommon, rare." See United States v. Wages, 2008 WL 795095, *727 (10th Cir. 2008) (*unpublished*) (*quoting* Webster's Third New Int'l Dictionary (Unabridged) 791 (G. & C. Merriam Co. 1976)).

Although this Court deemed Defendant eligible for *pretrial* release under 18 U.S.C. §3145(b), Defendant is unable to establish that "exceptional reasons" exist to justify his *post-plea* release. In the Court's view, the most remarkable circumstance in this case is Defendant's lack of a prior criminal record. At least two appellate courts have expressly held that the lack of a criminal record does not render a defendant's circumstances "exceptional." See Wages, 2008 WL 795095, *728 (10th Cir. 2008) (*unpublished*); United States v. Lea, 360 F.3d 401, 403-04 (2nd Cir.2004)

---

is awaiting imposition or execution of sentence be detained unless –

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. §3143(a)(2). While Defendant arguably satisfies §3143(a)(2)(B), there is nothing in the record to suggest that §§3143(a)(2)(A)(i) or (ii) are met.

("There is nothing "exceptional" about ... being a first-time offender ....") This Court agrees. In addition, the fact that Defendant has complied with the terms of his pretrial release to date do not warrant his continued release on bond. See USA v. Larue, 478 F.3d 924 (8th Cir. 2007). Finally, the Court does not find the circumstances here, considered as a whole, to be "exceptional." Accordingly, the Court finds the revocation of Defendant's conditions of pretrial release appropriate.

**IT IS HEREBY ORDERED** that the Defendant's "Appeal to District Judge for Revocation of Magistrate Judge's Detention Order [and] Motion for Release ..." is **DENIED**.

Signed: February 16, 2010

Richard L. Voorhees
United States District Judge